IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**ERNEST L. COTTON, Esquire, as
guardian ad litem for, HAN-SUN BOYNTON,**

    **Plaintiff,**

        v.                             **CASE NO. 3:05cv46/RV/MD**

**PRUDENTIAL INSURANCE COMPANY
OF AMERICA,**

    **Defendant.**
_____/

## ORDER

Pending is the defendant's motion to dismiss. (Doc. 3).

In this insurance dispute, the plaintiff, Ernest L. Cotton, Esquire, as guardian ad litem for Han-Sun Boynton, originally brought a state court action seeking to recover benefits under a Servicemembers' Group Life Insurance policy. The defendant removed this action to federal court based on diversity jurisdiction [28 U.S.C. §1332] and federal question jurisdiction [28 U.S.C. §1331]. Pursuant to Rule 12, Federal Rules of Civil Procedure, the defendant now moves to dismiss, arguing that the plaintiff's complaint fails to state a claim upon which relief may be granted because it is completely preempted by federal law. For the purposes of this motion, the factual allegations in the complaint will be taken as true.[1]

---

[1] The plaintiff has not filed a memorandum in response to this motion. Pursuant to Local Rule 7.1, "[f]ailure to file a memorandum may be sufficient cause to grant the motion." N.D. Fla. Loc. R. 7.1(c)(1). Nonetheless, I will address the motion on its merits.

Case No.: 3:05cv46/RV/MD

**I.    FACTUAL BACKGROUND**

Han-Sun Boynton and David Boynton were married on or about April 16, 1990. While serving in the United States Air Force, David Boynton obtained a Servicemembers' Group Life Insurance ("SGLI") policy in the amount of $200,000. Defendant Prudential Insurance Company of America ("Prudential") issued the policy. Prudential is authorized by federal law to operate the Office of Servicemembers' Group Life Insurance ("OSGLI"), which is an organization created by the United States government.

Under the "Election of Beneficiaries" section of the policy, David Boynton entered the phrase "By Law." As that phrase is defined on the back of the insurance form, his wife, Han-Sun Boynton, was the sole beneficiary. David Boynton retired from the military on June 30, 1993, but his SGLI policy remained in effect for 120 days after his retirement. On August 9, 1993, while the SGLI policy was still in effect, David Boynton disappeared from his residence in Okaloosa County, Florida, and has not been seen since that time. On November 15, 1999, a judge of the Okaloosa Circuit Court declared David Boynton "presumed dead" pursuant to Florida law which declares in relevant part: "A person who is absent from the place of his or her last known domicile for a continuous period of 5 years and whose absence is not satisfactorily explained after diligent search and inquiry is presumed to be dead." §731.103(3)  Fla. Stat. (2004).

On March 2, 2000, Han-Sun Boynton requested payment of the life insurance proceeds under the SGLI policy. Prudential denied the request, explaining via a letter to Han-Sun Boynton's guardian ad litem that because the court adjudged the date of the death of David Boynton at the end of the five-year period, which would have been August 1998, his death occurred after the termination of the SGLI policy and no death benefits were payable.

Thereafter, plaintiff filed this complaint in the Circuit Court in Okaloosa County, Florida, seeking benefits under the SGLI policy. The complaint alleges that Florida law

permits a court to find that the death occurred at an earlier point than the expiration of the five-year statutory period. The defendant removed the case to federal court based on federal question jurisdiction and diversity jurisdiction. The defendant now moves to dismiss the plaintiff's action, arguing that federal law completely preempts any state cause of action pertaining to the SGLI policy and requires dismissal of the plaintiff's case.

**II.     DISCUSSION**

    A.     Motion to Dismiss Standard

A motion to dismiss for failure to state a claim cannot be granted unless the complaint alleges no set of facts, which, if proved, would entitle the plaintiff to relief. See, e.g., Blackston v. Alabama, 30 F.3d 117, 120 (11th Cir. 1994). On a motion to dismiss, the court must accept all of the alleged facts as true and find all inferences from those facts in the light most favorable to the plaintiff. See, e.g., Cruz v. Beto, 405 U.S. 319, 92 S. Ct. 1079, 31 L. Ed. 2d 263 (1972); Hunnings v. Texaco, Inc., 29 F.3d 1480, 1483 (11th Cir. 1994).

    B.     Federal Question Jurisdiction

A defendant may remove a case to federal court only if the district court would have had jurisdiction over the case had the case been brought there originally. 28 U.S.C. §1441. The federal question statute confers original jurisdiction over cases "arising under" federal law. 28 U.S.C. §1331. The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 9-10, 103 S. Ct. 2841, 2846, 77 L. Ed.2d 420 (1983); Kemp v. Int'l Bus. Machines Corp., 109 F.3d 708, 712 (11th Cir. 1997). To find federal question jurisdiction on the face of the plaintiff's complaint, the plaintiff's cause of action must either be (1) created by federal law, or (2) if it is a state-created cause of action, its resolution must necessarily turn on a substantial question of

federal law.  See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, supra, 463 U.S. at 13, 103 S. Ct. at 2848.

While the Eleventh Circuit has not directly addressed the issue, the majority of courts have held that when a complaint seeks to recover benefits pursuant to a SGLI policy, the claim arises under federal law.  Rice v. Office of Servicemembers' Group Life Ins., 260 F.3d 1240 (10th Cir. 2001); Prudential Ins. Co. of America v. Athmer, 178 F.3d 473 (7th Cir. 1999);  Prudential Ins. Co. of America v. Tull, 690 F.2d 848 (4th Cir. 1982); Prudential Ins. Co. of America v. Tolbert, 320 F. Supp. 2d 1378 (S.D. Ga. 2004); Melton v. White, 848 F. Supp 1511 (W.D. Okl. 1994); Prudential Ins. Co. of America v. Tomaszek, 1992 WL 26734 (N.D. Ill 1992); Beheler v. Prudential Ins. Co. of America, 1989 WL 69975 (S.D. Tex 1989)(holding that claim for SGLI benefits arises under federal law based on well-pleaded complaint regardless of whether the complaint cites the federal statute that controls the substance of the cause of action).

Prudential issued the plaintiff a life insurance policy pursuant to the Servicemembers' Group Life Insurance Act ("SGLIA"). 38 U.S.C. §§1965 et seq.  As the Seventh Circuit has explained, "SGLI is a federal program; in fact, technically the government rather than the serviceman is the policyholder. . . As we have both a government contract and a federal statute  . . . the case for using federal law to answer the question of who is to receive the proceeds of the insurance policy is compelling." Prudential Ins. Co. of America v. Athmer, supra, 178 F.3d at 475; See 38 U.S.C. §1966;  See also Rice v. Office of Servicemembers' Group Life Insurance, supra, 260 F.3d at 1245-46; Melton v. White, supra, 848 F. Supp at 1512; Prudential Ins. Co. of America v. Tomaszek, supra, 1992 WL 26734 (holding that subject matter jurisdiction existed because "the action unquestionably implicates federal statutory law and regulations issued under the authority of those statutes.").  I agree with the rationale of these decisions, and conclude that federal question jurisdiction applies.

Thus, because this cause of action was created by federal law, and it involves substantial federal questions, the federal courts have jurisdiction under Title 28, United

States Code, Section 1331. However, the defendant contends that this case should be dismissed because of the doctrine of complete preemption. Complete preemption acts as an exception to the well-pleaded complaint rule and is used to assess federal removal jurisdiction when the complaint purports to raise only state law claims. 321 F.3d 1349. The Eleventh Circuit has emphasized that "(c)omplete preemption functions as a narrowly drawn means of assessing federal removal jurisdiction . . ." BLAB T.V. of Mobile v. Comcast Cable Communications, Inc., 182 F.3d 851, 854 (11th Cir. 1999).

The two district court cases cited by the defendant in support of its complete preemption theory do not involve the removal of a state court action to federal court, and therefore, do not address the issue of complete preemption. Instead, in each case, the plaintiff originally filed suit in a federal forum, and the courts addressed the question of whether federal jurisdiction appeared on the face of the complaint. See e.g., Melton v. White, supra, 848 F. Supp 1511 (interpleader action originally brought in federal court); Prudential Ins. Co. of America v. Tolbert, supra, 320 F. Supp. 2d 1378 (same). In other words, these cases stand for the proposition that when a claimant seeks to recover benefits under an insurance policy authorized under SGLIA, the case necessarily arises under federal law and the courts have original jurisdiction. However, the court's jurisdiction is based on the well-pleaded complaint, and not on the doctrine of complete preemption - - - which is inapplicable unless the well-pleaded complaint does not state a case arising under federal law. In this case, the plaintiff seeks to recover benefits under a policy authorized, maintained, and issued pursuant to a federal program. Therefore, removal is proper because federal question jurisdiction appears on the face of the complaint, and complete preemption is inapplicable to the court's determination.

    C.    Potential Application of State Law

While the face of plaintiff's breach of contract claim necessarily states a cause of action arising under federal law, the plaintiff also disputes, based on Florida law,

Prudential's interpretation of a state court order determining the date David Boynton was presumed dead. The Supreme Court of the United States has held that the federal SGLIA statutory law preempts *inconsistent* state laws. Ridgway v. Ridgway, 454 U.S. 57, 102 S. Ct. 49, 60, 70 L. Ed. 39 (1981) (emphasis added). However, the defendant cites no federal SGLIA statutory law which is inconsistent with the state law in which the plaintiff relies. In fact, the SGLIA statute does not address the issue of the date of death when an insured is "presumed dead."

Nevertheless, other courts have held that when a question relating to the interpretation and administration of a SGLI insurance policy arises that is not answered by the federal statute itself, then a court should fill the gap by applying federal common law. See Rice v. Office of Servicemembers' Group Life Ins., supra, 260 F.3d 1240 (applying federal law to issue of undue influence); Prudential Ins. Co. of America v. Athmer, supra, 178 F.3d 473; Prudential Insurance Co. of America v. Tull, supra, 690 F.2d 848 (applying federal law to issue of undue influence). The question presented in Athmer was whether federal common law or state law controlled the determination of whether the family of a beneficiary who murdered the insured was entitled to benefits from the policy. The Seventh Circuit recognized that the SGLIA statutory scheme does not address that particular issue, although it does address in detail who is entitled to be a beneficiary. However, the court explained,

> "Often a court asked to fill a gap in a federal statute will do so by borrowing a state's common law because in most areas of the law state common law is more highly developed than federal. But borrowing state law would be a mistake in the case of soldiers' life insurance policies. Frequently as in this case the policy is issued wherever the soldier happens to be stationed when thoughts of mortality assail him. Although soldiers generally designate a U.S. state as their domicile, their connection with that state is often tenuous until retirement. It would be arbitrary to subject issues arising under the policy to the law of a particular state. Better that these policies should be governed by a uniform set of rules untethered to any particular jurisdiction."

Id. at 475. (internal citations omitted).

However, other courts have held that while federal law may control most of the issues in a dispute over the proceeds of a SGLI policy, state law should still govern some of the issues.  See e.g., United States v. Sanders, 314 F.3d 236 (6th Cir. 2002)(holding state law governed the effectiveness of a change of beneficiary by a guardian); Roecker v. United States, 379 F.2d 400 (5th Cir. 1967); Beheler v. Prudential Ins. Co. of America, supra, 1989 WL 69975 69975(holding that state law may control some issues not answered by the Act, such as intent and the scope of the appropriate remedy); Metropolitan Life Ins. Co. v. Leban, 2003 WL 22852211 (E.D. La. 2003)(holding state law should govern the issue of competency because the federal statute did not address it).[2]

For instance, in Roecker v. United States, the court held that state law governs the propriety of a guardian's discharge of his duties leading to a redesignation of a policy's beneficiary because the issue of a guardian's power is traditionally a question of state law. 379 F.2d at 405-06.  The court recognized, "To apply state law to this question does not offend congressional policy. Here there is no overpowering reason in favor of a uniform rule of nationwide application." Id.  Indeed, the former Fifth Circuit, in Lyle v. Bentley, 406 F.2d 325 (5th Cir. 1969), applied state law to the issue of undue influence without discussion of the choice of law issue.  But see Coursey v. Pudda, 299 F. Supp. 2d 1368, 1370 (S.D. Ga. 2004)(finding the reasoning of the Tenth Circuit in Rice coupled with the Fifth Circuit's lack of discussion on the issue in Lyle persuasive and applying federal law to determine the issue of undue influence).

In this case, applying state law to the issue of the actual date of the presumed death of the insured does not offend congressional policy. Nor does it contravene any reason in favor of a uniform rule of nationwide application.   The insured was

---

[2] Although Metropolitan Life Ins. Co. v. Leban addressed a policy issued under the Federal Group Life Insurance Act ("FGLIA") rather than the SGLIA, the court noted that there was  "support for the proposition that the Servicemembers' Group Life Insurance statute was intended to be construed the same as the FEGLI, so that SGLI cases are relevant." Id. at WL 2285221 *2 fn.1 (citing Prudential Ins. Co. v Hinkel, 1212 F.3d 364 (8th Cir. 1997)).

"presumed dead" pursuant to a Florida state court order and based on a Florida statute. In fact, Prudential itself based its decision to deny benefits on the language of the state court order declaring that David Boynton's death was presumed to have occurred at the end of the Florida statutory five-year period. Consequently, since Prudential bases its denial on the date of presumed death established in the state court order, the plaintiff should be afforded the opportunity to present evidence that David Boynton died at a time earlier than the statutory five-year period.[3]

While the federal statutory scheme, as well as federal common law, may apply when interpreting the terms, conditions, and the administration of the insurance policy, Florida law should be used to interpret the meaning of the state court's order. The concern with nationwide uniformity that underlies many of the cases applying federal common law to SGLI claims is not applicable in a case where the state law supplies Prudential's reason for a denial of benefits.

The face of plaintiff's well-pleaded complaint states a cause of action arising under federal law upon which relief may be granted, and the necessity of applying state law to the limited issue of the date of the "presumed death" of the insured does not cause the claim to fail as a matter of law. Consequently, the defendant's motion to dismiss must be denied.

### III.   CONCLUSION

For the above reasons, the defendant's motion to dismiss (Doc. 3) is DENIED.
DONE and ORDERED this 2nd day of May, 2005

*/s/ Roger Vinson*
**ROGER VINSON**
**Senior United States District Judge**

---

[3] To be clear, at this point, I am not addressing the merits of the plaintiff's claim concerning the date of David Boynton's presumed death. Instead, this order addresses only whether the plaintiff's complaint states a cause of action upon which relief may be granted.

Case No.: 3:05cv46/RV/MD